UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**UNITED STATES OF AMERICA,**

v.  Case No.: 8:98-CR-283-T-24EAJ

**CHARLES DANA COMBS II.**
_____/

## REPORT AND RECOMMENDATION

Before the court are Defendant Charles Dana Combs II's **Emergency Petition for Writ of Habeas Corpus** (Dkt. 105), **Request for Emergency Hearing and Injunctive Relief** (Dkt. 106), **Amendment to Defendant's Petition for Writ of Habeas Corpus and Request for Emergency Hearing** (Dkt. 108), and the Government's **Response** (Dkt. 109).[1] For the reasons explained below, it is recommended that Defendant's petitions be denied.

Defendant is currently incarcerated and being held on state charges; he was arrested on state charges while on supervised release in this case. As a result, the U.S. Probation Office filed and the court issued a petition for violation of supervised release. Defendant petitioned to be writ into federal court so that he could answer to the violation of supervised release. On March 12, 2011, the District Judge denied Defendant's petition, stating that Defendant will be brought into federal court to answer to the violation once Defendant has resolved his state charges, including the serving of any state-court sentence.

Defendant's latest petitions assert a litany of complaints related to his confinement, including: (1) unconstitutional and inhumane conditions of confinement; (2) denial of access to

---

[1] These petitions were referred to the undersigned for a report and recommendation. See 28 U.S.C. § 636(b)(1)(B).

courts; (3) harassment and battery by corrections officers; (4) denial of access to medical care; and (5) incorrect assignment to maximum security confinement. Although Defendant admits that he sought confinement in protective custody, he now asks that he be released from protective custody and into the general prison population outside of the Pinellas County Jail's South Division. Defendant also asks the court to appoint a federal public defender to represent him, and he requests a hearing so that he may plead his claim in person and seek relief from his conditions of confinement. Defendant states that he is also prepared to seek pretrial release and further state-court proceedings as to bail.[2]

To the extent Defendant is requesting the appointment of counsel and pretrial release on his federal charges, Defendant's requests are denied for the reasons stated in the District Judge's March 12, 2011 order. Defendant is not challenging the legality or duration of his federal sentence, and his petition is not considered a further step in his criminal case. See Rules Governing Section 2255 Proceedings for the United States District Courts, Rule 1 Advisory Committee's Note. Defendant's other requests for relief are civil in nature, and as such, they are not properly asserted as a petition for a writ of habeas corpus in Defendant's criminal case. See Riddle v. Dyche, 262 U.S. 333, 335-36 (1923) ("The writ of habeas corpus is not a proceeding in the original criminal prosecution, but an independent civil suit.").

Accordingly, and upon consideration, it is **RECOMMENDED** that Defendant's **Emergency Petition for Writ of Habeas Corpus** (Dkt. 105) and **Request for Emergency Hearing and Injunctive Relief** (Dkt. 106) be **DENIED**.

---

[2] Defendant's challenge to the amount of his state-court bond was denied in a separate civil proceeding. Combs v. Coats, No. 8:11–CV–1679–T–17EAJ, 2011 WL 3290386, at *2 (M.D. Fla. Aug. 1, 2011).

**Date: September 7, 2011**

*/s/ Elizabeth S. Jenkins*
ELIZABETH A JENKINS
United States Magistrate Judge

**NOTICE TO PARTIES**

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of this service shall bar an aggrieved party from attacking the factual findings on appeal. See 28 U.S.C. § 636(b)(1).

Copies to:
Counsel of Record
District Judge